BARCELÓ & Co., *S. en C.*, Plaintiff and Appellant, *v.* CARLOS OLMO REYES, Defendant and Appellee.

No. 6213. Argued December 19, 1934.—Decided March 14, 1935.

240

*Lens and Susoni, A. Barceló, Jr.,* and *Manuel Rodríguez Ramos* for appellant. *Pablo J. Aguilar* for appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Plaintiff in an action on a promissory note appeals from a judgment of dismissal rendered after a trial on the merits. The district judge held that the action was barred by the three years statute of limitation contained in the Code of Commerce. The findings upon which this ruling was based were in substance: that in March 1919, Carlos Olmo Reyes executed and delivery a promissory note payable to Tomás López Morales or order in the sum of $1,400; that in 1917, López had advanced $1,444 to his son-in-law, Carlos Olmo, in order to enable him to join his brother, Javier Olmo in a business enterprise; that Olmo had repaid $44.00 of this amount and the $1,400 remained unpaid; that in June 1917, Javier Olmo and Tomás López formed a mercantile partnership to which each of the partners contributed $1,444.13; that the real partners were Javier Olmo and Carlos Olmo, although the name of López, the father-in-law, appeared instead of the name of Carlos Olmo, the son-in-law; that the partnership was dissolved some twelve months later, when Javier Olmo went to the States and Carlos Olmo was left in charge of the business; that López thought this arrangement would best guarantee reimbursement of the money advanced by him and with this end in view he and Javier Olmo appeared before a notary and executed an instrument of partnership under the firm name of Javier Olmo and Co.;

that López was a partner in name only, and Javier's real partner was his brother, Carlos, son-in-law of López; and that after dissolution of the partnership, López in March 1919 caused the son-in-law, Carlos, to execute and deliver the promissory note now in controversy.

We cannot agree with the court below that the original transaction between López and Carlos Olmo was a commercial transaction. A loan is not necessarily a commercial transaction. Neither López nor Carlos Olmo was a merchant at the time of the loan. If either had been a merchant, or if both had been merchants at the time of the loan, that fact would not have converted the loan into a commercial transaction. López was a farmer. He had never been a merchant, had no intention of becoming a merchant, and did not become a merchant, when he and Javier Olmo executed the notarial instrument which made him nominally a partner in Javier Olmo & Co. He never received nor expected to receive any salary or profits from the business of Javier Olmo & Co. During the life of the partnership he neither received nor expected to receive any interest of the money advanced by him. The note itself executed some two years later was to bear interest after the date of maturity only. Even the idea of substituting the name of López for that of Carlos Olmo in the notarial instrument did not originate with López, but was suggested by the notary because of the fact that Carlos Olmo was a minor. The mere fact that the loan was made for the purpose of enabling the borrower to engage in business and that the proceeds were used for the purchase of merchandise and thus absorbed in the mercantile business of Javier Olmo & Co. did not convert the loan into a commercial transaction. The character of the loan depends upon the character of the transaction itself as disclosed by the attendant circumstances or by the antecedent facts, not by the purpose for which it was made nor by the manner in which the proceeds were invested or used.

All the surrounding circumstances point persuasively to the conclusion that the loan in the instant case was not a commercial transaction and therefore that the action was not barred by the lapse of three years, notwithstanding the presumption *juris tantum* arising out of the fact that the note in question was payable to order. See *Pierluisi* v. *Monllor,* 42 P.R.R. 6, and authorities cited; *Vázquez* v. *Laíno,* 23 P.R.R. 218, and cases cited; *Blondet* v. *Garáu,* 47 P.R.R.____,* and cases cited.

The judgment appealed from must be reversed and in lieu thereof the judgment of this court will be entered in favor of plaintiff but without special pronouncement as to costs.

* NOTE.—For page number see "Table of Cases Cited in Opinions — Citations from Puerto Rico Reports," this volume.